And now, at this term, the opinion of the Court was delivered by
Parsons, C. J.
The complaint, in the case which is brought before the Court by this writ of error, is given by the statute passed March 16, 1786, entitled, “ An Act for the' punishment of fornication, and for the maintenance of bastard children,” and, to support the proceedings, the statute must be substantially pursued. To entitle the complainant to an adjudication, the statute requires that she charge the defendant with being the father in her travail, and that she afterwards continue constant in her accusation, (a) It appears from the proceedings that she did not thus charge the defendant, and that, in fact, she afterwards, on oath, charged another man. She has not, therefore, brought herself within the statute; and the reason of this conduct, as explained by herself on oath, will not cure these errors in the proceedings. She is to be admitted as a competent witness, although interested ; but, as a prerequisite to her admission, her credit, must be fortified by her having charged the defendant in her travail, which is a time of distress and danger, when it may be supposed that she would speak the truth ; she must have continued constant in her accusation—or, at least, it must not appear that she has been inconstant — and she must have been examined on oath before a justice on the several circumstances of her complaint necessary for the discovery of the truth. Although directly interested, yet, if her credibility be supported by these facts, she may be sworn as a witness; but the evidence introduced to entitle her to be sworn may, notwithstanding, be impeached by the defendant before the jury, — as, in an action upon [ * 444 ] a promissory note, the signature to which is denied, before the Court will suffer it to be read to the jury there must first be some evidence whence the jury may reasonably presume the signature. The note may then be read, but the defendant may afterwards impeach this evidence if he can.
There has been some question whether the complainant may not be sworn, and if, by her testimony, she prove that these prerequisites have been complied with, she is not within the statute. We are satisfied that she is not, for several reasons. One is, ".hat the prerequisites thus testified to by her have no tendency to support her credit. Another is that, although made a competent witness by the statute, from necessity, yet her testimony ought not to be given tc *400 facts equally within the knowledge of other persons, who are disinterested. As in debt on the statute of hue and cry, the party robbed is a competent witness, from necessity, and he is sworn in chief: he is examined as to all facts which, from the nature of the transaction, must be within his own knowledge ; but to the other facts necessary to support the action, and which, from their nature, are within the knowledge of disinterested persons, he is not examined. As .to the examination before the justice, another reason may be given, for the justice’s record is the best evidence.
Mellen and Wallingford for the plaintiff in error.
Thomas and Holmes for defendant in error.
We cannot avoid remarking on the great informality, not to say insufficiency, of the complaint in "this case. It is a uniform rule of law that, when a statute gives a remedy under particular circumstances, the party seeking this remedy should, in his plaint or information, allege all the facts necessary to bring him within the statute. (a) In this complaint it ought to have been averred, not only that she had been delivered of a bastard child, of which the defendant was the father, but that she had accused him in the time of her travail, had been examined on oath before a justice, and had continued constant in her accusation. Upon a regular complaint in this form, there can arise no difficulty as to the trial. We are sensible that this informality has been of long standing; but when it is productive of uncertainty in the law in these cases, it should be removed.
[*445] * We doubt whether the proceedings in this case were removed by the proper writ. Error lies when the proceedings are according to the course of the common law, so that the Court above may, if there be error, render the right judgment. In this case, if the defendant be found guilty, and adjudged the putative father, the court have to assess the weekly maintenance, and to order indemnity to the town ; and bonds are to be given, accordingly, on penalty of imprisonment. The court may after-wards diminish the weekly allowance, if it should appear reasonable. These are powers not given to this Court. But the record and the parties being before us by writ of error, we can proceed to quash the proceedings. But if a record is removed by certiorari, when it ought to have been by writ of error, the reverse is not true. A certiorari may remove the record in any stage of the proceedings at the discretion of the court; error is of right, and lies only after judgment.

Let the proceedings be quashed.

 Commonwealth vs. Coley 5 Mass. Rep. 517. — Bacon vs. Harrington, 5 Pick 63

 Soper vs. Harvard College, 1 Pick. 177.