The action being continued nisi, the opinion of the Court was given at the next March term, in Boston, by
* Parsons, C. J.
As the mother of a bastard child is an interested witness, receiving from the putative father any money he may be ordered to pay towards the maintenance of the child, which she must wholly maintain, unless she can compe him to assist her ; when the statute of 1785, c. 66., giving this suit, directs that she shall be admitted as a competent witness, it also provides as a security for her veracity, that she also charge the man whom she may prosecute, with being the father, in the time of her travail. This is generally a time of danger and distress, and it may well be presumed that women in that situation may be restrained from uttering a falsehood ; and the man charged has a right to this security, before he can be legally adjudged the putative father.
The justice, in this case, did not interrogate' her as to her conduct in the time of her travail. He inquires whether she charged the defendant about that time. Her answer is, Yes. But the question is neither formally nor substantially conformable to the provision of the statute. She adds, that two days before the birth, she informed *401 her aunt, that the defendant was the father, and that then she was in great pain; but whether of body or mind, or whether in travail pains, or bodily pain of any other description, does not appear. The question and answer have an apparently designed inaccuracy, by which the mother may appear to have complied with the requisition of the statute, and at the same time be protected from a charge of perjury. Certainly, in our opinion, the evidence resulting from this answer does not comport with the statute, and the defendant was illegally adjudged the putative father.
The second objection is that the lying-in charges, which the defendant was ordered to pay, were illegally ordered.
In the fornication, the mother is particeps criminis, and the statute has made no provision to relieve her * from [ * 519 J any expense she may incur on her own account. When the child is born, and becomes a subject of maintenance, she may compel the putative father to contribute with her to its support. The lying-in charges were therefore ordered to be paid without any legal authority therefor.
When the mother has been disabled, by her lying-in, from attending to her child, and when she has been obliged to procure assistance, some Courts of Sessions have ordered a larger sum to be paid for the first week, than for any succeeding weeks. An order of this nature the statute will warrant, but not an order, eo nomine, for lying-in charges.
The third objection is, that the prosecution was in the wrong county.
Upon this point the statute is silent, and we do not know that the question has been judicially decided. The usage has been to prosecute in the county where the child was born. In that county facts material must have happened ; as the birth, and the accusation of the putative father in the time of travail. And there might be an inconvenience in allowing the mother to remove into a distant county, where the parties might not be known, and there commence her prosecution. But on this point we do not give an.opinion, as we are satisfied that the two first objections must prevail, and that the proceedings must be quashed.
There certainly are inconveniences in the present authorized mode of compelling the putative father to contribute to the maintenance of the child, and to the indemnity of the town. The mother, receiving all the money paid, is directly interested, and may be strongly tempted wrongfully to accuse. And as she alone can prosecute, she may, by declining or settling a prosecution, defeat the town of all means of indemnity from the father. If this statute were revised *402 by the legislature, perhaps it would be found convenient [*520 ] that the prosecution * should be by the overseers of the poor of the town, who should receive the contribution ordered. The mother would then be a disinterested witness, and her accusation in her travail might be dispensed with. Neither could she in that case deprive the town of indemnity against the maintenance of the child, by a settlement with the putative father. These considerations, however, belong not to us, but to the legislature.

Let the proceedings he quashed