Parker C. J.
afterward drew up the opinion of the Ciurt. We think it exceedingly clear, that the decision of the Court of Common Pleas was right ; whether we refer to the words of the statute on which the prosecution is founded, or the rea- ' son of the thing, in relation to the probable intent of the legislature.
The general object was to give competency to a witness who by the general rule of evidence would be excluded as in terested, in a case in which, without such evidence, the mischief intended to be cured would be irremediable. The danger of such evidence was not overlooked by the legislature, and was intended to be guarded against by placing the witness in such circumstances at the time of her accusation, as would in all probability insure her veracity. In the time of her utmost peril, with the fear of death and judgment before her eyes, it was wisely thought that a false accusation would rarely if ever be made ; upon the same principle, that the declaration of a person in extremis, which may affect the life of a party accused of murder, are admitted, though not under the sanction of an oath. And as a further security for the truth of the accusation, the witness is to continue constant in the charge to the time of her examination on oath before the magistrate. These solemnities are essential to her competency, and if they fail, she is not to be admitted to her oath on the trial. But if it appears, that being put upon the discovery of the truth at the time of her travail, she accused the same person against whom she complains under oath before the magistrate, and that she has continued constant in her accusation, she is to be admitted as a witness, and her credibility left to the jury. The constancy required to make her competent, is evidently intended to be from the time she has made the accusation in either of the above solemn forms. Any previous charge upon another person, or denial of illicit commerce with him who is afterward charged as the *580 putative father, may be properly shown, to affect hei ciedit with jul7’ but does not destroy her competency, because they admit of explanation, and may appear to be the result of terror or shame for her condition, or to have been produced by the threats or blandishments of her seducer.
We find this exposition of the statute to have been given by this Court in the case of Drowne v. Stimpson, 2 Mass. R. 441. The other cases cited by the counsel for the petitioner do not touch the point.
In Connecticut and New Hampshire the courts have given the same construction to their statutes on the same subject. 4 Connect. R. 557 ; 3 N. Hamp. R. 135. Indeed, we think it very clear from the words of the statute and the obvious intent of the legislature.[1]

Petition dismissed.

 See Dennett v. Kneeland, 6 Greenleaf, 460; Tillson v. Bowley, 8 Green-leaf, 163; Stiles v. Eastman, 21 Pick. 132; M'Managil v. Ross, 20 Pick. 99. Revised Stat. c. 49, § 3; Warner v. Willey, 2 Root, 490.