Hewes<br>*v.*<br>Bayley.

---

## REBECCA M'MANAGIL *versus* GEORGE ROSS.

Under the Revised Stat. *c.* 86, § 11, and *c.* 146, § 5, exceptions may be taken to a decision of the Municipal Court in a matter of law, upon the trial of an action commenced before the Revised Statutes went into operation.

Upon the trial of a complaint under *St.* 1785, *c.* 66, § 2, [Revised Stat. *c.* 49, § 3,] for the maintenance of a bastard child, it is a condition precedent to the admission of the complainant as a witness, that she should have accused the respondent of being the father, in the time of her travail, whether she made her complaint to the justice of the peace before or after the birth of the child.

It is not necessary, in such case, that the accusation, by the complainant, in the time of her travail, should have been made in answer to any inquiry of others, or to any intimation from others to declare the truth ; it is sufficient, if it was made from the impulse of her own mind. Nor is it necessary that the complainant should have expressly declared, in the time of her travail, that the respondent was the father of the child ; if, in any form, she intelligibly mentioned the fact, as a fact, it is an accusation within the meaning of the statute.

In such case, the competency of the complainant as a witness, is a question for the decision of the court, and not of the jury.

THIS was a complaint under *St.* 1785, *c.* 66, against the respondent, as the father of a bastard child

The trial took place in the Municipal Court, at the term begun and held on the first Monday of May 1836.

The counsel for the complainant, for the purpose of showing to the Court, that the complainant, at the time of her travail, had accused the respondent of being the father of the child of which she was about to be delivered, and therefore ought to be admitted to testify in support of her complaint, produced Catharine M'Managil, as a witness, who testified, that she was with the complainant at the time of the birth of the child, and for several hours before in the time of her travail ; that, at one time, the complainant asked who was down stairs, and the respondent's sister answered that it was *George ;* that, at another time, the complainant said " I hope George will never bring another girl to this, unless she is his wife " ; that the witness supposed, that the respondent was intended thereby ; that the complainant usually called him George, or Ross ; and that no one, at any time, asked the complainant, who was the father of the child of which she was about to be delivered, or intimated to her, or gave her any warning, to declare truly, or to say any thing in relation to the matter. Two other witnesses testified as to what took place at the time of the travail of the complainant.

The respondent contended, 1. that the weight of the evidence so introduced went to show, that the complainant did not use the words supposed and stated by Catharine M'Managil, and 2. that if she did use these words, they did not constitute the case required by the statute ; and he requested the court, on each of these grounds, to exclude the complainant from being a witness.

The judge being of opinion, that the evidence offered proved that the complainant did accuse the respondent, within the meaning of the statute, overruled the objections, and admitted the complainant to be a witness.

The respondent then claimed the right to contend to the jury, that as a matter of fact, there was not sufficient evidence to authorize the belief, that the complainant accused the respondent of being the father of the child, in the time of her travail and before the birth. The judge thereupon ruled, that the respondent had a right so to do ; that it should there-

fore be left to the jury to settle the fact, whether the complainant did, in the time of her travail, before the birth, accuse the defendant ; and that he should instruct them, that if they did not believe that she did accuse the defendant, at the time, they should disregard her testimony in making up their verdict.

The respondent further objected to the admission of the complainant as a witness, on the ground that it had not been shown to the court, that the complainant, being put upon the discovery of the truth respecting her accusation of the respondent, in the time of her travail, did thereupon accuse him.

But the court overruled the objection, and admitted the complainant as a witness.

The jury found the respondent guilty.

The respondent excepted to the rulings of the court.

*S. D. Parker*, for the complainant, moved the Court to *March 13th* dismiss the exceptions ; and to the point, that a bill of exceptions was not the proper form of bringing the questions before this Court, but that it should have been done by certiorari, cited *Gile* v. *Moore*, 2 Pick. 386 ; *Commonwealth* v. *Moore*, 3 Pick. 194. To the point, that where the woman has not made her complaint to a magistrate before the birth of the child, it is not a necessary condition to her admissibility as a witness at the trial, that she should have accused the respondent in the time of her travail, he cited *Wormstead's case*, 2 Dane's Abr. 517 ; to the point, that this Court could not, upon a bill of exceptions, reverse the decision of the judge of the court below, in regard to the competency of the complainant as a witness, inasmuch as it was a decision upon a question of fact, which was to be determined according to his discretion, *Commonwealth* v. *Stephens*, 14 Pick. 370 ; and to the point, that the judge decided rightly on the evidence, and properly admitted the complainant as a witness, *R. R.* v. *J. M.* 3 New Hampsh. R. 140 ; *Tillson* v. *Bowley*, 8 Greenl. 163 ; *Maxwell* v. *Hardy*, 8 Pick. 560 ; *Mariner* v. *Dyer*, 2 Greenl. 170.

*Choate*, for the respondent, to the point, that exceptions were well taken, cited Revised Stat. *c.* 86, § 11 ; *c.* 138,

M'Managil
v.
Ross.

§ 11 ; and *c.* 146, § 5 ; and to the point, that the complainant was an incompetent witness, *St.* 1785, *c.* 66, § 2 ; Anc. Charters, 116, 239 ; *Drowne* v. *Stimpson,* 2 Mass. R. 441 ; *Commonwealth* v. *Cole,* 5 Mass. R. 517 ; *Bacon* v. *Harrington,* 5 Pick. 63 ; *Dennett* v. *Kneeland,* 6 Greenl. 460.

*March 26th.*    · SHAW C. J. delivered the opinion of the Court.    A preliminary objection was taken, that a bill of exceptions is not the proper mode of bringing questions before this Court, from the Municipal Court, but that it must be done by certiorari. However this was before the Revised Statutes, of which some authorities were adduced, we think the case is made clear of doubt, by the Revised Statutes, which provide (*c.* 86, § 11,) that exceptions may be taken to any decision or direction of the Municipal Court in matter of law, in the same manner and with the same limitations as to those of the Court of Common Pleas.    Rev. Stat. *c.* 138, § 11.

The Revised Statutes went into operation on May 1, 1836, and this trial took place afterwards, in the course of the same month.

By the provision in *c.* 146, § 5, it is directed, that the repeal of the preceding acts, shall not affect any suit commenced before the repeal, but the proceedings, when necessary, shall be conformed to the Revised Statutes.    This provision being prospective, as to all acts to be done under it, and saving all existing rights, applies properly to the proceedings upon this trial, and affords the rule by which they were to be governed, without being ·obnoxious to the charge of being retrospective in their operation.    The exceptions therefore were well taken, and are now properly before this Court.

Upon the merits, although the exceptions assume two or three different forms, they resolve themselves substantially into one question, namely, whether the complainant did accuse the respondent, in the time of her travail, as being the father of her child.

The first exception is, that she ought not to have been received as a competent witness, because she had not so accused him, and that this is a condition precedent.    This statute, as we have had occasion before to remark, is obscurely ex-

pressed, and it is not easy to understand all its provisions. <span>M'Managil</span>
There is no doubt, however, that it was intended to admit the <span>v.<br>Ross.</span>
complainant as a competent witness, leaving her credibility to
the jury, being a person directly interested, on condition that
she shall have accused the respondent as the father of her
child, in the time of her travail.  The legislature obviously
ntended to seize upon this circumstance of danger, suffering,
and the fear of immediate death, for the sake of securing evi-
dence to a fact usually of so private a character, that it would
be likely to be known only to the parties, by compelling the
interested party, as a condition precedent, to make the accu-
sation, under such circumstances of pain, and fear of death,
as to overcome the influence of interest, and induce the com-
plainant to declare the truth.

One point taken for the respondent, was founded upon the
words of the statute, " being put upon the discovery of the
truth respecting the same accusation in the time of her
travail," and it was objected, that no accusation would answer
the statute, unless she was interrogated, and called upon to
declare the truth.  But we think this not requisite.  Whether
she made the accusation in answer to any inquiry of others,
or from the impulse of her own mind, it is sufficient ; she may
have been previously instructed in the necessity of such an
accusation, and those about her may know nothing of the ne-
cessity or propriety of making any such inquiry, or may be
interested to prevent it.

Nor is it necessary, that any express declaration should be
made.  If in any form she intelligibly mentioned the fact, as
a fact, it is an accusation within the meaning of the statute.

Upon the evidence set forth in the bill of exceptions, the
Court perceive no ground to dissent from the opinion and
decision of the judge of the Municipal Court upon this point.

[After stating the evidence :] On the whole view of the
evidence, we are of opinion, that the condition had been
complied with, and the complainant was rightfully admitted as
a witness.

It was contended, that upon this question of competency,
it is not open to this Court, especially when there was conflict-
ing evidence, to reconsider the conclusions of fact, to which

the judge of the Municipal Court arrived, and that his decis-
ion upon the fact must be considered final. This point may
deserve consideration when it is distinctly made and insisted
on ; but in this case, as the same question was made, upon
the same evidence, in regard to the legality of the judgment,
and the evidence having been minutely detailed in the bill of
exceptions, it may perhaps be considered, that it was the in-
tent of the judge to reserve that question for the considera-
tion of this Court upon the evidence. It may be remarked,
in passing, that we cannot perceive upon what principle of law
or practice, the competency of the complainant, as a witness,
could be left to the jury. It seems not to be distinguishable
from the common case, where the competency of a witness is
decided by the court, and the evidence is submitted to the
consideration of the court for that purpose. As the jury af-
firmed the decision of the judge, it cannot affect the present
case.

It was argued in behalf of the complainant, that by the
statute it was not a necessary condition to the admissibility of
the complainant, as a witness, that she should have accused
the defendant in the time of her travail, in the cases where
she has not made her complaint to a magistrate before the birth
of the child. To this purpose the counsel cited *Wormstead's
case*, 2 Dane's Abr. 517. This was a manuscript case, cited
by Mr. Dane, as having occurred before the publication of
reports ; and it probably occurred before the court of ses-
sions. It cannot be deemed a case of any authority, and it
is opposed to a series of decisions, upon the construction of
the statute. The complainant is directly interested in the
event of the suit, and is strongly tempted to give false testi-
mony on a subject, in regard to which it would be usually dif-
ficult, if not impossible, to bring opposing evidence. This
evidence is made admissible by the statute, only on condition
that she shall have made the same declaration, when the con-
dition of suffering and the fear of death may afford some se-
curity against falsehood. The condition therefore is to be
strictly complied with, to give this great privilege, and justify
this obvious departure from the salutary restraint of the com-
mon law rule. This construction of the statute is supported

by the current of authorities, several of which are to be found cited in the same page of Mr. Dane's work already quoted. *Drowne* v. *Stimpson*, 2 Mass. R. 441 ; *Commonwealth v Cole*, 5 Mass. R. 517 ; *Bacon* v. *Harrington*, 5 Pick. 63 ; *Dennett* v. *Kneeland*, 6 Greenl. 460. The Court are of opinion, that in this respect, there is no distinction between the cases where the complainant makes her complaint after the birth of the child and before. In either case, to make her a competent witness under the statute, it must appear by evidence *aliunde*, that she did accuse the defendant as the father of her child, whilst her mind was impressed and solemnized by the pains of child-birth, and the fear of death.

*Exceptions overruled, the decisions of the judge of the Municipal Court affirmed, and the proceedings remitted to that court for judgment.*