## MARY B. STILES *versus* ZEBINA EASTMAN.

A complaint under *St.* 1785, *c.* 66, [Revised *Stat. c.* 49,] against a man as the father of a bastard child, cannot be sustained unless the complainant accused him, in the time of her travail, of being the father.

THIS was a complaint under *St.* 1785, *c.* 66, against the defendant, as the father of a bastard child, of which the complainant was delivered on April 20, 1835.

In the Court of Common Pleas, *Williams* J. presiding, it was admitted, that the complainant did not, in the time of her travail, accuse the defendant or any other person of being the father of the child.

The court being of opinion, that such accusation in the time of her travail, was an essential prerequisite to the maintenance of the prosecution, directed that the complainant should be nonsuited.

The complainant thereupon excepted to this opinion and direction of the court.

*Oct.* 16*th.*     *Keyes*, for the complainant, cited *Bacon* v. *Harrington*, 5 Pick. 63.; *Maxwell* v. *Hardy*, 8 Pick. 560 ; *R. R.* v. *J. M.* 3 New Hampsh. R. 135 ; Anc. Chart. 116 ; *M'Managill* v. *Ross*, 20 Pick. 99.

*Farley*, for the defendant, cited *Drowne* v *Stimpson*, 2 Mass. R. 441.

*Oct.* 20*th.*     DEWEY J. delivered the opinion of the Court. The question in this case is, whether in a prosecution against one as the putative father of a bastard child, it is an essential prerequisite for the maintenance of the prosecution, that the complainant accused the defendant in the time of her travail, of being the father of the child. It is contended on the part of the complainant, that this is only a prerequisite to the admission of the mother as a witness, and required in consequence of her pecu-

liar relation to the case, but that if she chooses to waive her own testimony and rely upon that of other witnesses, it is competent for the jury, upon such other testimony, although unaccompanied by any evidence of her accusation in the time of her travail, to find a verdict against the party accused.

The entire proceeding is a statute remedy ; and in all such cases, the party seeking to avail himself of the remedy thus given, must prove all the facts necessary to bring his case within the statute.   The present prosecution is under the statute of 1785, c. 66, § 2 ; and we think the proper construction of the statute is, that to entitle a complainant under it to an adjudication in her favor, it must be made to appear, that she charged the defendant with being the father of the child, in the time of her travail.   The adjudication is authorized, " whenever any woman who hath been delivered of a bastard child, &c. shall accuse any man of being the father thereof, before any justice of the peace, upon examination on oath, and, being put upon the discovery of the truth respecting the same accusation in the time of her travail, shall thereupon accuse the same person of being the father of the child," &c.   The examination before the magistrate, and the accusation in the time of her travail, are both made necessary as preliminary steps to be taken by the mother.   They are both designed as aids in the discovery of the truth as to the accusation, and being thus made essential, they cannot be dispensed with.   The object of the legislature in this provision, we think, may well be taken to have been, to protect those who might be unjustly accused, and that not only against the perjury of the mother on the trial, but also against any other false testimony.   The nature of this charge, a charge so easily made against an individual, and so difficult to be defended against by direct controlling testimony, may have induced the legislature to throw around the person accused this protection.   The importance of this provision requiring the declaration of the mother at a moment of great peril and danger, as a prerequisite to the admission of her testimony, has often been alluded to by this Court.   To some extent it is equally important in reference to the testimony of others, and being within the obvious language of the statute, we see no reason why it should not be required.

Nor is this requirement of the statute an unreasonable one.   It demands an act to be done by the party peculiarly interested in the subject; the prosecution being in truth wholly a prosecution in behalf of the mother.   Though it would seem that the proceedings for charging the putative father with contributing to the maintenance of the child were given with some reference to the exoneration of the town from the obligation to support the child, and they may to some extent have that effect, yet they are absolutely under the control of the mother, can only by her be instituted, and may at her pleasure be discontinued, and the putative father be wholly discharged.   To maintain her prosecution she must conform to the requisitions of the law.   This, in the opinion of the Court, she has failed to do in the present case.

The views of the late Chief Justice *Parsons*, as stated in the case of *Drowne* v. *Stimpson*, 2 Mass. R. 441, in giving the opinion of the Court on the question of the competency of the mother as a witness, without having made the accusation in the time of her travail, seem very clearly to indicate his opinion to have been, that the making of this accusation was not merely a prerequisite to the admission of her testimony, but was essential to the maintenance of the prosecution.   The question there was however a more limited one, and the case is not a judicial decision on this point.   A decision of an opposite character reported in 3 New Hampsh. R. 135, is relied upon by the counsel for the complainant.   We have had no opportunity to examine the statute of New Hampshire on this subject, but from the opinion of the court in the case cited, it is very obvious, that the provisions of that statute differ from ours, or that the judicial construction given to it has been much more extended, and particularly in giving a remedy under it in favor of the town, independent of the rights of the mother We think the decision of the Court of Common Pleas was correct ; and the exceptions are therefore overruled.