PET. & SUM. ## Hart & Foster *against* Flynn's Executor.

[Mr. Dana for plaintiffs; Mr. Hanson for defendant.]

FROM THE CIRCUIT COURT FOR CLARKE COUNTY.

June 10.

Judge EWING delivered the Opinion of the Court.

A note for so many dollars "in gold and silver" is a note for the direct payment of *money*; and for the satisfaction of which, bullion, gold and silver bars, old spoons and rings &c. would not be a valid tender.

The militia law of 1815, by which officers and soldiers were exempt from the service of all civil process, except for felony &c. while going to, attending, or returning from, muster, was repealed by the act of '37—by which they are exempt from *arrest* only. An *arrest* is a restraint of the person (tak ng the party into actual custody,) which

FLYNN's executor filed a petition, and sued out process thereon, against Hart and Foster, upon a note executed by the two latter to Flynn, in his lifetime, promising to pay him *seven hundred and thirty five dollars sixty six and two-third cents* "in gold and silver."

The defendant Hart appeared and peaded two pleas in abatement—the substance of which is, that the summons was served on him while he was returning from a muster, which he had been attending as a captain of militia.

These pleas were demurred to, and the demurrer sustained. After which, and on the next day after the day on which the cause was docketed for trial, a motion was made by Hart, to quash the return of the sheriff as to the service on him, offering to prove by the deputy who served it, the facts alleged in his pleas. The Court refused the proof, and overruled the motion. And the defendants failing to answer over, a judgment was rendered against them for the debt in the petition mentioned; and they have brought the case to this Court.

We perceive no error in this record.

A note promising the payment of so many dollars "in gold and silver," is, according to any fair interpretation of its terms, or the probable understanding of the parties, a note "for the direct payment of *money*," and cannot, as contended by the plaintiff's counsel, be discharged, or imply an undertaking to pay, in bullion, bars of gold and silver, or old silver tea pots, spoons, and rings. If such had been the intention, the amount would not have been measured by dollars and cents, but by ounces or pounds.

2. Without stopping to scrutinize the form of the pleas, we would remark that, though section seventieth of the act of 1815, (Statute Law, 1188,) exempts the persons of militiamen from arrests "or the service of any civil process," except for treason, felony or breach of the peace, while going to, continuing at, or returning from, musters or any military court," this section together, with "all laws having relation to the militia," was evidently repealed by the act of 1837, to amend the militia law, Acts 1836–7, section 1 and 99; and the sixty ninth section of the latter act substituted in its place. By which the words "or the service of any civil process" are dropped, and the exemption made to extend to the protection of their persons from "*arrest*" only. *Arrest* signifies a restraint of the person, a restriction of the right of locomotion, which cannot, be implied in the mere notification, or summons on petition, or any other service of such process, by which no bail is required, nor restraint of personal liberty. So that the *matter* relied on in both pleas was insufficient to abate the suit, and the demurrers were properly sustained. And, for the same reason, was the motion to quash the service, correctly overruled.

Nor can we think that the omission in the record, to state that the defendant Foster, who seems not to have pleaded, " being solemnly called came not," is such a substantial defect, as to justify this Court in reversing the judgment. He was served with process, and it was his duty to appear, if he had any defence. His failure to do so implies that he had none.

Judgment affirmed, with costs.

*Spring Term 1839.*

*Hart &c.*
vs
*Flynn's Ex'or.*

is not done in the service of any process where bail is not required.

A judg't against a deft. who did not plead or appear, is not reversible because the record fails to show that he was solemnly called, and came not &c.