Per Curiam:
 

 Bayard,
 
 Chief Justice.
 

 The defendant in error on the seventh of September, 1835, filed her petition for divorce in the Superior Court for New Castle county; and, on the fifth of December, 1836, a final decree was made. A Writ of error has been sued out, and the record being now before us, a motion is made to quash the writ, as having impruvidenily issued. In support of this motion, it is contended that a writ of error lies only where the proceedings are according to the course of the common law; and that the matter of divorces is not a subject of common law jurisdiction, nor are the proceedings in such cases according to the course of the common law. The people of this State, in the delegation of that portion of their sovereign power, which is styled judicial, have, in the first section of the sixth article of the constitution declared, that “the judicial power shall be vested in a Court of Errors and Appeals, a Superior Court, &c.,” clearly indicating the design that, there should be a court for the correction of all errors which might occur in the practical operation of. the system of government which they then established, whether they proceeded from the unconstitutional exercise of power on the part of the Legislature, or from misapprehension of the-law in the ordinary administration of justice. The seventh section of the same article provides, that “the Court of Errors and Appeals shall have jurisdiction to issue writs of error to the ¡Superior Court, and to determine finally all matters in error in the judgment and proceedings of said Superior Court.” There cannot, therefore, be a doubt that this court is authorized to correct all matters in error in the judgment and proceedings of the Superior Court, whenever a judgment is rendered there, which would include a judgment rendered in the exercise of an extraordinary as well as the ordinary juris
 
 *138
 
 diction of that court, unless it be supposed that the previous words restrain the mode of its supervision to writs of error, and from the force of those terms limit that supervision to cases in which alone a writ of error would lie at common law. But that construction would be contrary to the general design which is indicated in the first section, of providing an ultimate court for the correction of errors, and would in effect be blotting out as surplusage the second member of the sentence, which declares that this court is to determine finally all matters in error in the judgment and proceedings of the Superior Court. There cannot be a doubt that the people of this State have a right to the decision of this court on the constitutionality of any law that may be passed, and of course upon the constitutionality of the very law which gives rise to the proceedings in this case. There may be also error in the proceedings themselves, from the fact of not conforming to the law. The question is then presented as to the mode in which this revision is to be made. It is true that a writ of error lies only where the proceedings are according to the course of the common law; and for this reason, that where the proceedings are summary and the matter of the jurisdiction compounded of law and fact is referred to the discretion of the particular tribunal, the court of error is not authorized to render the proper judgment. But it does not follow that this court is without the means of reaching the error. The proper mode of proceeding in such cases is by writ of certiorari, which bringing the record before us, we may affirm or quash the proceedings as the law which authorizes them may happen to be constitutional or not, and the proceedings themselves regular or irregular, in conformity with or repugnant to its provisions. Although the writ of error is irregular in this instance, yet as in the case of
 
 Drowne
 
 vs.
 
 Stimpson,
 
 2
 
 Mass. Rep.
 
 441, and
 
 Vandusen
 
 vs.
 
 Comstock,
 
 3
 
 Mass. Rep.
 
 184, the record and parties being before us, we may consider it as a certiorari and quash the proceedings if they be illegal.
 

 Wm. H. Rogers,
 
 for plaintiff in error.
 

 J. M. Bayard,
 
 for defendant in error.
 

 Motion refused.