BETSEY BRADFORD vs. JAMES PAUL.

If the mother of a bastard child, after its birth, or after her examination before
a magistrate, declare that the accused is not the father of her child, and that
another man is, she is not constant in her accusation, and is incompetent to
testify in support of her complaint.

The competency of the complainant, as a witness, in a bastardy process, is
preliminary in its character, and is to be determined by the Court, and not
submitted to the jury.

EXCEPTIONS from the Court of Common Pleas, PERHAM J.
presiding.

This was a complaint under the bastardy act. The complain-
ant made her declaration before a magistrate, June 30, 1837,
alleging that the child was begotten on or about October 20,
1836, in the house of one Barak Payson. The child was born
August 11, 1837. After the preliminary proof, the complainant
herself was offered as a witness. To exclude her, the respondent
introduced one Emily Bradford, who testified, that the complain-
ant, in February, 1838, declared that the respondent was not the
father of her child, but that Charles Smith was, and told her that
she, the complainant, swore her child upon the respondent, be-
cause, if she swore it upon Smith, the father of the child, he would
not marry her, but that the respondent would, or would settle with
her; and that the witness was at the house of Payson during the
whole month of October, 1836, and that the complainant was not
there that month. The complainant then introduced Mrs. Brad-
ford and Sarah Bradford, who testified that Emily Bradford told
them that she, Emily, went away from Payson's early in Septem-
ber, 1836, and did not return there again until late in the following
November. Payson and his wife were called by the respondent,
and testified, that Emily Bradford was at their house during the
whole of the month of October of that year, and that the com-
plainant was not there after September 3, 1836, until the next
January.

The counsel for the complainant then moved that the complain-
ant should be introduced and permitted to testify. 1. Because
Emily Bradford had been discredited in a material part of her tes-
timony, and her statements ought not to render the complainant

incompetent as a witness, but that the testimony of both should be submitted to the jury. 2. Because such declaration, if made, charging any other person with being the father of the child, was made long after the birth of the child, and after the commencement of the prosecution, and therefore would not render her incompetent.

The Judge overruled the motion, and excluded the complainant from testifying. Exceptions were filed by the complainant, the jury finding for the respondent.

*J. Williamson* argued in support of the positions taken in the Court below, and cited *Drowne* v. *Stinson,* 2 *Mass. R.* 441; *Comm'th* v. *Cole,* 5 *Mass. R.* 517; *Bacon* v. *Harrington,* 5 *Pick.* 63; *Maxwell* v. *Hardy,* 8 *Pick.* 560; *M'Managil* v. *Ross,* 20 *Pick.* 99; *Dennett* v. *Kneeland,* 6 *Greenl.* 460.

*W. G. Crosby,* for the respondent, said, that it was expressly decided in *M'Managil* v. *Ross,* cited for complainant, that the question whether the complainant was, or was not, competent to testify, was to be decided by the Court, and not by the jury.

At common law, the complainant could not testify. She must bring herself within the statute, and, to do so, must be constant in her accusation, from the time it was made before the magistrate, to the time of trial. The cases cited on the other side, from 8 *Pick.* 560, 2 *Mass. R.* 441, and 6 *Greenl.* 460, were relied upon.

The opinion of the Court was drawn up by

WESTON C. J. — In prosecutions under the bastardy act, the mother of the child is an interested party, but is, upon certain conditions, from the necessity of the case, made a competent witness. That she should accuse the party charged, in the time of her travail, before delivery, has been repeatedly held to be one of those conditions. And that she shall continue constant in such accusation, is equally required by the statute. Both are placed upon the same ground, in the leading case of *Drowne* v. *Stimpson,* 2 *Mass.* 441. As one of the prerequisites to her admission as a witness, *Parsons C. J.* there says, " she must have continued constant in her accusation, or at least, it must not appear that she has been inconstant." The same principle is adopted and confirmed in *Maxwell* v. *Hardy,* 8 *Pick.* 561. And it was in that case

held, that the constancy, required to render her competent, must be from the time she has made her accusation in a solemn form, either in the time of her travail, or on oath before the Justice. The question of the competency of a witness, which is preliminary in its character, must, from the necessity of the case, be decided by the Court. And it has been expressly held, that an objection of the kind raised here, forms no exception to the rule. *M'Managil* v. *Ross*, 20 *Pick*. 99.

There was in this case direct proof, that the complainant had not been constant, after her delivery, and after her accusation, made under oath. The witness, by whom her want of constancy was proved, appeared to have made declarations, conflicting with her oath upon another fact, but the truth of her testimony upon this fact, was sustained by others. The Judge was satisfied, that she had not continued constant. And he had a right to decide this fact. It was like the ·objection of interest to a witness. Whether it exist or not, must be decided by the Court. The burthen of proof is upon him who raises the objection, but whether proved or not, is referred to the Judge. And if it was open to this court to revise his judgment upon this point, we are not prepared to say, that it appears to us, that he decided erroneously.

*Exceptions overruled.*