## CAROLINE CHAPEL *vs.* ALMON WHITE.

A prosecution under the bastardy act is a *quasi* civil proceeding. [See act of 1851, *c.* 96.]

In a proceeding under the bastardy act, it was objected, after a verdict against the respondent, that it was not alleged in the complaint upon which the trial took place in the court of common pleas, that the child was born a bastard; but it appearing, that, in the original complaint before the magistrate, which was recited in the new complaint, the complainant alleged that she was then with child, which was likely to be born a bastard, and the new complaint then proceeded to allege, that the child was born; it was held, that a case under the statute was thereby stated, and that it might be presumed, after a verdict, that it was proved on the trial, that the child was born a bastard, and that this was sufficient to prevent the judgment from being arrested.

The surety in a bastardy bond is not a competent witness for the principal; nor can he be made so by offering the complainant another bond with sufficient sureties

THIS was a proceeding under the Rev. Sts. *c.* 49, against the respondent, as the alleged father of a bastard child, and was tried before *Mellen*, J., in the court of common pleas. It appeared, that, on the 8th of March, 1847, the complainant entered a complaint before a justice of the peace, setting forth that she was then with child, that the child was likely to be born a bastard, and that the respondent was the father thereof, and praying that he might be apprehended and held to answer the complaint, and be dealt with according to law. In pursuance of this complaint, the justice issued his warrant returnable on the 16th of April, 1847; when the respondent, being brought before the justice, verbally pleaded that he was not guilty of the charge made against him by the complainant, but that he then had no defence to make ; whereupon, the justice adjudged the respondent to be guilty, and ordered him to give bond, with surety, according to law, for his appearance at the next court of common pleas, &c.

In the court of common pleas, the complainant filed a new complaint, in which she stated the proceedings before the justice, and alleged further as follows: " That, on the 22d of March, 1847, &c., the said Caroline was delivered of a female child, which is now living ; that, at the birth of said child, in the time of her travail, she accused the said Almon White of being the father thereof, and that she has ever been

constant in said accusation, and now charges the said Almon White as being the father of said child of which she has been begotten, and of which she has been delivered as aforesaid." The complaint concluded with a prayer, that the respondent might be adjudged the father of the said child, and be charged with the maintenance thereof with the assistance of the mother, in such manner as the court should see fit; that the respondent be charged with all the expenses attending the birth of the child, &c.; and that he be required to give bond, with sureties, to perform the order of the court, &c.

The respondent objected to the sufficiency of the complaint filed in the court of common pleas: 1. Because the complaint did not allege that the complainant had been delivered of a bastard child; 2. Because it did not appear that the respondent was ever heard in his defence before the magistrate who issued the warrant.

The complainant thereupon offered to show, that the defendant, when brought before the magistrate, orally waived a trial before him, and came with his father, as surety, to give bond to appear and answer in the court of common pleas; but this evidence was rejected by the court.

The respondent called as a witness, on the trial, Lansford White, who was sole surety in the bond given to the complainant, in compliance with the order of the magistrate; but the complainant objecting, the witness was rejected. The respondent, thereupon, in order to restore the competency of the witness, produced a bond, with sufficient sureties, and offered the same to the complainant. The complainant objected to this, as unauthorized by law at this stage of the proceedings, and the objection was sustained by the court.

The jury found the respondent guilty, whereupon he alleged exceptions to the rulings of the court, so far as they were unfavorable to him.

*J. C. Wolcott,* for the respondent.

*T. G. Gold,* (with whom was *J. Rockwell,*) for the complainant.

SHAW, C. J.   As to the complaint, the question is, whether it is so informal and defective, in the statement of the case, that the judgment must be arrested.   This question arises on a motion after verdict, and not on a demurrer, in a *quasi* civil action.   *Wilbur* v. *Crane*, 13 Pick. 284.

The proceedings in bastardy under the statute are peculiar. The complaint in the court of common pleas is not the foundation of the proceedings, as in the case of a writ, petition, complaint for flowing, indictment, or the like ; the case may be entered, and the court have jurisdiction, before the complaint is filed ; it is rather a mode of stating the facts, and framing an issue thereon, with a view to a convenient and orderly trial of the true matter of controversy.   *Drowne* v. *Stimpson*, 2 Mass. 441 ; *Rice* v. *Chapin*, 10 Met. 5.

Treating the case, then, in this respect, as the trial of a civil action, we must presume, after a verdict for the complainant, that it was proved on the trial, that the child born was a bastard.   If, therefore, there be any defect in the complaint, it seems to come clearly within the rule, that a case defectively stated is cured or made good by the verdict ; though it would be otherwise if no legal title or cause of action were stated.   The complaint refers to the proceedings before the magistrate, and makes *profert* of them ; then, reading them in connection with the complaint, it avers, that the child was expected to be born a bastard, and was born, &c., and thus states a case within the statute.

On the other point, the court are of opinion, that the witness was rightly rejected.   He was the surety on the defendant's bond, and was of course interested, and the offer of another bond did not remove that interest.   It is not within the cases of *Allen* v. *Hawks*, 13 Pick. 79, and *Hall* v. *Baylies*, 15 Pick. 51, in which a sum of money was deposited with the witness, sufficient to meet his largest liability. Money is not only the standard and measure of values, but itself affords the means of securing to the witness a direct and complete indemnity, without impairing or even changing the rights of the party entitled to the benefit of the bond ;

whereas the sufficiency of other securities must depend upon estimate and opinion, and the substitution of them, without the consent of the obligee, might impair his rights.

*Exceptions overruled*