MARTIN PRIEST in error *vs.* ANNIE SOULE.

Kennebec.    Opinion December 18, 1879.

*Bastardy. Default. Declaration. Adjudication. Error.*

It is not error, where a defendant in bastardy duly served with process and having given a valid bond for his appearance to abide the order of court upon the complaint, submits to a default before the declaration required of the complainant under R. S., c. 97, § 5, has been filed, for the judge to proceed thereupon after the filing of such declaration to adjudge him the father of the child, and to stand charged with its maintenance and give bonds accordingly in pursuance of the provisions of R. S., c. 97, § 7.

It is not necessary to the validity of the judgment to renew the entry of a default after the filing of such declaration.

When the declaration and adjudication appear by the docket to have been made on the same day, the presumption is that the declaration was filed before the adjudication was made, and this presumption is not overcome by the fact that the adjudication stands apparently first in the order of the docket entries.

The defendant in the bastardy process should have presented his defense at the court where his bond required him to appear. It was open for him to move to take off the default and set up a defense, if he had any, after the filing of the declaration. If the default was inadvertently entered and he had a valid defense, his remedy after judgment entered against him is by petition for review.

ON REPORT.

Error to reverse a judgment, in a bastardy case under R. S., c.

97, recovered by the defendant in error against the present plaintiff in the superior court for the county of Kennebec at the September term thereof 1878.

The facts sufficiently appear in the opinion. It was agreed that a copy of the writ and plea, copy of the docket entries and complaint, warrant, officer's return, order of court, recognizance and declaration of complainant shall constitute the report of the case, "to be submitted to the determination of the law court to decide whether error lies, and, if so, to what extent it shall affect the proceedings and judgment in the original action, and to make such order as the law requires."

*Humphrey & Appleton,* for the plaintiff in error, cited R. S., c. 97, §§ 5, 7. *Chapel* v. *White,* 3 Cush. 539. *Jones* v. *Thompson,* 8 Allen, 334. *Fisher* v. *Shattock,* 17 Pick. 252. *Stiles* v. *Eastman,* 21 Id. 132. *Rice* v. *Chapin,* 10 Met. 5. *State* v. *Kirby,* 57 Maine, 30. *Jewell* v. *Brown,* 33 Id. 250. *Smith* v. *Keen,* 26 Id. 411. *Hollis* v. *Richardson,* 13 Gray, 392. *Hemmenway* v. *Hickes,* 4 Pick. 497. *Bridge* v. *Magoun,* 8 Maine, 292. *Drowne* v. *Stimpson,* 2 Mass. 441. *Foster* v. *Beaty,* 1 Maine, 304. *Dennett* v. *Kneeland,* 6 Id. 461. *Loring* v. *O'Donnell,* 12 Id. 29. *Rice* v. *Chapin,* 10 Met. 5.

*G. T. Stevens,* for the defendant in error.

BARROWS, J. The plaintiff in error, having been arrested on a warrant duly issued upon the complaint of the defendant in error charging "him with being the father of a child with which she was then pregnant and which was likely to be born a bastard," gave a bond in due form conditioned for his appearance at the June term of the superior court in Kennebec county and for abiding the order of said court on her complaint in bastardy against him. The case shows that he did enter an appearance at that term, was defaulted on the first day of the next September term, and on the 19th day of said September term was adjudged the father of the child and to stand charged with his maintenance with the assistance of the mother, and to this end to pay certain sums and give certain bonds in accordance with the provisions of R. S., c. 97, § 7.

The plaintiff in error claims that there was error in making this adjudication upon a default which was entered up on the first day of the term before the complainant i n bastardy had filed the declaration required by R. S., c. 97, § 5. It appears that this declaration was filed the same day that the adjudication was made, and, presumably, before the entry of the adjudication; for the order in which the entries stand upon the docket signifies nothing. Clerks usually consult their own convenience within the limited space allowed ; and the terms of the adjudication indicate that the judge had the declaration before him when he directed the entry of the adjudication, in which the fact of the birth and the sex of the child as stated in the declaration are referred to.

If the plaintiff in error would claim that the adjudication was made before the required declaration was filed it is incumbent on him to establish it. A judgment will not be held to be erroneous where for aught that appears it may have been legally rendered. *Spaulding* v. *Rogers*, 50 Maine, 123. Was it error to make the adjudication upon a default of the defendant entered previous to the filing of this declaration ? We think not. It was no fault of the complainant or of the court that the defendant chose to be defaulted when he was. The complainant could not compel him to appear further. She had taken his bond to abide the order of the court upon the complaint, but she could not insist upon his defending the suit. Where the complaint is instituted in the early stages of gestation it may not infrequen tly happen in some counties that more than one term of court will e lapse before the complainant can file the required declaration. If the defendant would not be regarded as assenting to its truth he should be in court to deny it when it is filed and an adjudication upon it is demanded.

His submitting to a default before this is done will not prevent the court from proceeding to adjudge him the putative father of the child when the declaration comes in. If the entry of the default before the filing of the declaration in question could be regarded as an irregularity, it was caused by the act of the plaintiff in error ; and a judgment will not be reversed on error for an irregularity caused by the party complaining. *Jewett* v. *Tom-*

*linson,* 3 Watts and Serg. 114. If need were, we should presume a default entered (though not noted on the docket) after the filing of the declaration. A judgment against a defendant who did not in fact plead or appear is not reversible because the record fails to show that he was solemnly called, and came not, &c. *Hart* v. *Flynn,* 8 Dana, 190.

The defendant in the original process here, if he supposed he had any valid defense to the charge made against him by Annie Soule, should have presented it at the court at which he was called upon to appear. It was open to him to move to have the default taken off if he found anything in the declaration which he was able to deny. His remedy, after judgment thus entered upon his default, if the same was suffered inadvertently when he had a good defense, is by petition for review.

The only errors in the original process of which we can take cognizance here are those which the plaintiff in error alleges and establishes.

The only ground upon which he claims to maintain a writ of error not being tenable, the entry must be.

*Judgment affirmed with costs.*

WALTON, DANFORTH, LIBBEY and SYMONDS, JJ., concurred.

DISSENTING OPINION BY APPLETON, C. J. This is a writ of error to reverse a judgment rendered in a bastardy process in which the defendant in error was complainant.

"A writ of error," observes Mellen, C. J., in *Bath Bridge Co.* v. *Magoun,* 8 Greenl. 292, "is a writ of right; a writ of certiorari is not; it is a matter of sound discretion to grant or refuse it." Whenever errors are apparent of record, in error the judgment is reversed, and in certiorari, the proceedings are quashed. In each case the court act only on the record and no evidence *aliunde* is receivable.

The plaintiff in error, having been arrested on a warrant duly issued upon the complaint of the defendant in error, charging him with being the father of a child with which she was then pregnant and which was likely to be born a bastard, gave a bond in due

form conditioned for his appearance at the June term of the superior court in Kennebec county, and for abiding the order of said court in her complaint in bastardy against him. The plaintiff in error entered an appearance at that term, was defaulted on the first day of the September term, and on 19th day of said September term was adjudged the father of the child, and to stand charged with its maintenance, with the assistance of the mother, and to this end to pay certain sums and give certain bonds in accordance with the provisions of R. S., c. 97, § 7. After this adjudication, the next entry on the docket, as of the same day is complainant's declaration filed. Since which time there has been no default.

The plaintiff in error was defaulted on the first day of the September term. But at that time there was only on file a complaint by the defendant in error that she was pregnant with a child which if born alive might be a bastard, and charging the plaintiff with its paternity, and stating the time of its begetting; and the recognizance entered into by him in accordance with R. S., c. 97, §§ 1 and 3.

But the complaint contained no allegation that a bastard child had been born, or that in travail the mother had charged the plaintiff with being its father, as is required by § 5. The plaintiff in error, by the most liberal construction of his default could not be regarded as admitting more than the allegations in the complaint. He could not be adjudged the father of the child for there was not on file anywhere the allegation of an existing child whose father he could be adjudged to be, or with whose maintenance he could be ordered to stand charged.

Nor does the statute give the slightest authority for an adjudication of paternity under such conditions by §§ 1 and 3, but the reverse.

By § 5, "Before proceeding to trial, the complainant must file a declaration stating that she has been delivered of a bastard child begotten by the accused, the time and place when and where it was begotten, with as much precision as the case will admit; that being put upon the discovery of the truth during the time of her travail, she accused the respondent of being the father of the child, and that she has been constant in her accusation."

By § 7, "If on such issue, the jury find the respondent not guilty, he shall be discharged; but if they find him guilty, or the facts in the declaration filed are admitted by default or on demurrer, he shall be adjudged the father of the child; stand charged with its maintenance with the assistance of the mother, as the court orders," etc.

These sections are precise and definite. They prescribe what shall be done before the adjudication of paternity and the order as to maintenance. The declaration must be filed before proceeding to trial. It must be filed before default or demurrer, for the default or demurrer only admits "the facts in the declaration filed," not those which may be stated in a declaration thereafter to be filed.

There can be no doubt as to the legislative intention. No adjudication could have been had on the first day of the term when the default was entered because then there was no declaration filed which was admitted by such default. It could not have been made on the 19th day of the term when the declaration was filed because after that was done, there has been neither trial by a jury, finding guilt, nor any admission of the facts in the declaration by default or demurrer.

A declaration, and the allegations therein to be set forth are specifically required by statute "before proceeding to trial or default or demurrer." The facts must be proved as alleged.

The views above expressed are in accord with the entire weight of judicial authority. In *Drowne* v. *Stimpson*, 2 Mass. 441, which was on a writ of error, Parsons, C. J., uses the following language: "It is a uniform rule of law, that when a statute gives a remedy under particular circumstances, the party seeking this remedy should in his plaint or information, allege all the facts necessary to bring him within the statute. In this complaint it ought to have been averred, not only that she has been delivered of a bastard child, of which the defendant was the father, but that she had accused him in the time of her travail, had been examined on oath before a justice, and had continued constant in her accusation." The proceedings were quashed for this defect. In *Beatty* v. *Foster*, 1 Greenl. 304, there was an application for a

certiorari.   In delivering the opinion of the court Mellen, C. J.,
says : "Some of the most important facts necessary to justify a
verdict against the original defendant, are omitted.   No declara-
tion was ever filed in the case ; of course no issue joined ; in fact,
no foundation for the verdict and judgment is disclosed.   There
is nothing but the examination taken before the magistrate, and
this was considered as the basis of the proceedings in the court
below, and as a sufficient complaint or charge or declaration, on
which the case could be tried ; and yet it appears that such com-
plaint or examination was merely used as evidence.   Nor does it
appear that any child has been born.   In fact the record is wholly
defective and irregular."   Yet such was the record in the present
case when the default was entered.   But as there had been a fair
and full trial and "the birth of the child as a bastard" had been
proved, and the paternity of the defendant—and as the case was
before the court on an application for a certiorari, they declined
to grant the writ, but add, "in future, similar indulgence will not
be shown by the court, where such irregularities are allowed to
occur."   The granting was a matter of discretion, but as Parsons,
C. J., remarks, in *Drowne* v. *Stimpson,* before cited, "error is of
right."   In *Dennett* v. *Kneeland,* 6 Greenl. 461, Weston, J., says :
"We are all of opinion, as she (the complainant) did not accuse the
respondent with being the father of the child, in the time of her
travail, before delivery, that this is a defect fatal to her prosecu-
tion."   But this fact should be averred in the declaration "before
proceeding to trial."   "In this declaration she should state that
she has been delivered of a bastard child ; that it was begotten
upon her body by the person accused, &c., and that, being put
upon the discovery of the truth respecting the same accusation
in the time of her travail, she did thereupon accuse the defendant
of being the father of such child."   *Loring* v. *O'Donnell,* 12
Maine, 29.   "Such complaint," observes Dewey, J., in *Rice* v.
*Chapin,* 10 Met. 5, "must allege, particularly, that the complain-
ant, in the time of her travail, accused the defendant of being
the father of the child.   No prosecution can be supported with
out proof of this fact ; and it ought to be distinctly alleged.
*Stiles* v. *Eastman,* 21 Pick. 132."   "It is a well settled rule of

law," remarks Dewey, J., in *Jones* v. *Thompson*, 8 Allen, 335, "that the complaint filed in the superior court is one upon which the defendant in a bastardy prosecution is tried. Such complaint must state all the facts necessary to charge the defendant as the father of the bastard child, and all facts necessary to sustain the proceedings against him under the statute." The complaint referred to in the remarks of the court was the declaration in the count which contained no direct averment that the respondent was the father of the child. Evidence that he was the father was received subject to exceptions, which were sustained because of the want of such averment, and leave was granted to amend. In that case there was no averment of the delivery of the bastard child—but in the case at bar there was no such averment when the default was entered.

The judgment is erroneous. The statute provides that "before proceeding to trial," default, or demurrer, a declaration must be filed, but there was none filed when the default was entered and the facts then on record as alleged do not justify an adjudication of paternity, &c.

After the declaration was filed, there has been no trial, default, or demurrer, and consequently there can be no legal judgment on such declaration unless a judgment can be rendered on a declaration, on which there has been neither trial by a jury, nor any admission by default or demurrer. The judgment should be reversed.