ISABELLA L. BAKER *vs.* THE SLATER MILL AND POWER COMPANY.

When a new right of action is given by statute, subject to a condition, the plaintiff must allege the fulfilment of the condition, and prove such fulfilment if it is denied.

TRESPASS ON THE CASE. On demurrer to the declaration.

*July* 5, 1884. DURFEE, C. J. This is one of several cases similar to *Grant* v. *Slater Mill & Power Company*, decided at the last term, *ante*, p. 380. The declaration in this as in that case is demurred to, being identical with it in form. The plaintiff does not question our former decision, but seeks to maintain the action on a new ground, namely, that it is maintainable under Pub. Stat. R. I. cap. 204, § 21. The section provides, that " whenever any person shall suffer any injury to his person, reputation, or estate, by the commission of any crime or offence, he may recover his damages for such injury either in an action of trespass or in an action of the case against the offender." The section, however, is

qualified by § 22, which provides that the action shall not be commenced "until after complaint has been made to some proper magistrate for such crime or offence, and process issued thereon against the offender, excepting only in those cases in which such actions may now be maintained at common law." The declaration in this case does not allege the making of any complaint before the commencement of the action. The defendant contends that, even if the action be maintainable under § 21, the declaration is bad for lack of the allegation. We think the point is well taken. When a new right of action is given by statute subject to a condition, it is incumbent on the plaintiff suing under the statute to allege the fulfilment of the condition, and to prove it if denied. 1 Chitty on Pleading, *386; *Drowne* v. *Stimpson*, 2 Mass. 441, 444; *Williams* v. *Hingham §c. Turnpike*, 4 Pick. 341, 345; *Inhabitants of Bath* v. *Inhabitants of Freeport*, 5 Mass. 325; *Brown* v. *Adams*, 1 Stew. 51; *Greer* v. *Bumpass*, Mart. & Y. 94; *Bayard* v. *Smith*, 17 Wend. 88.

"It is a uniform rule of law," said Parsons, C. J., in *Downe* v. *Stimpson*, 2 Mass. 441, 444, "that when a statute gives a remedy under particular circumstances, the party seeking this remedy should in his plaint or information allege all the facts necessary to bring him within the statute."

The counsel for the plaintiff has expressed the wish that even if we find that the declaration is defective in not alleging the institution of a criminal prosecution, we will nevertheless decide whether, the defect being removed, the action will lie. We think, however, that the questions involved in such a decision are too novel and difficult to be decided without argument. Among the questions which will arise, supposing the defendant to be liable to the duty, we will mention the following: *first*, is an omission to meet the requirements of the building act, the act being a local statute and its requirements in the nature of local police regulations, a crime or offence within the meaning of cap. 204, § 21? *second*, is such an omission the commission of a crime or offence within the meaning of § 22? *third*, is an injury which results from the commission of a crime or offence, not immediately but consequentially, actionable under § 21? *fourth*, is a corporation liable to prosecution by complaint and warrant, and, if not, are

the fines imposed by the building act recoverable by indictment? See Pub. Stat. R. I. cap. 251, § 1. It will be seen that these questions, and others may occur to other minds, are such as will demand careful consideration from counsel as well as court.

*Demurrer sustained.*

*Spooner, Miller & Brown*, for plaintiff.

*Charles Hart, Benjamin T. Eames & Stephen A. Cooke, Jun.*, for defendant.