### JENNIE E. BOWERS *vs.* MINARD F. WOOD.

Worcester. Oct. 5, 1886. — Jan. 5, 1887. DEVENS & W. ALLEN, JJ., absent.

Under the Pub. Sts. *c*. 85, § 16, a complaint for bastardy need not allege that the complainant accused the respondent of being the father of the bastard during her travail, and continued constant in such accusation; and, at the trial of the complaint, the complainant may testify to the fact of the accusation in the time of her travail, and of her constancy in such accusation, although the complaint does not contain such allegations.

COMPLAINT under the bastardy act, Pub. Sts. *c*. 85, alleging that, on May 8, 1885, at Worcester, the complainant was delivered of a female child, which was born alive, and was a bastard; that she accused the respondent of being the father of said child; and that he got her with child on or about August 1, 1884, at Worcester. The respondent demurred to the complaint, because it did not allege that the complainant accused the respondent of being the father of said child during travail, and that she had persisted in accusing him of being the father of said child.

At the trial in the Superior Court, before *Knowlton*, J., the demurrer was overruled; and evidence of the complainant was offered to show that she charged the respondent with being the father of the child during her travail, and continued constant in such accusation. The respondent objected to this evidence, on the ground that there was no allegation in the complaint to sustain it. The complainant was then allowed to file the following amendment to the complaint: " And the said Jennie E. Bowers at the time of her travail, being put upon the discovery of the truth respecting the accusation aforesaid, did accuse the said Minard F. Wood of being the father of said child of which she was then and there about to be delivered." The evidence objected to was then admitted.

The jury returned a verdict of guilty; and the respondent alleged exceptions.

*W. A. Gile & A. M. Taft*, for the respondent.

*C. A. Merrill*, for the complainant.

GARDNER, J. Under the statutes from 1786 to 1860, it was held that a complaint, upon which a respondent charged with being the father of a bastard child was to be tried before a jury, must allege particularly, not only that the complainant had been delivered of a bastard child of which she alleged the respondent to be the father, but that she had accused him in the time of her travail of being the father of the child of which she was about to be delivered, and that she had continued constant in such accusation. As no prosecution under the statutes could be supported without proof of these facts, it was required that they should be distinctly alleged. *Drowne* v. *Stimpson*, 2 Mass. 441. *Stiles* v. *Eastman*, 21 Pick. 132. *Rice* v. *Chapin*, 10 Met. 5.

The statutes to which we have referred were enacted before the passage of the act making parties in civil proceedings competent witnesses. The bastardy process is a civil proceeding, and the complainant is a competent witness under the St. of 1857, *c.* 305, which provided that parties in civil proceedings may be witnesses. *Murphy* v. *Spence*, 9 Gray, 399. In 1860, the General Statutes were passed, by which the law regulating bastardy proceedings was materially changed, and it has remained substantially as then enacted.

Section 16 of the Pub. Sts. *c.* 85 provides that the mother of the child shall be admitted as a witness in support of the complaint. It also provides, that if, when she makes her accusation, upon examination under oath, she accuses any man of being the father of such bastard child, and if, in the time of her travail, she accuses the same man of being the father of the child of which she is about to be delivered, and has continued constant in such accusation, " the fact of such accusation in time of travail may be put in evidence upon the trial to corroborate her testimony."

Under this section, the complaint does not depend upon the accusation made in time of travail and the continued constancy in such accusation. It therefore becomes unnecessary to allege it in the complaint. The allegations, if otherwise good, are sufficient without it. The proof may satisfy the jury of the respondent's guilt without this evidence. The statute makes it evidence to corroborate the testimony of the complainant. It is not required to allege such corroborative facts in the complaint. The demurrer was properly overruled, and the amendment was not necessary.

The evidence of the complainant's accusation of the respondent in the time of her travail, and of her constancy in such accusation, if otherwise competent, could be shown at the trial, without an allegation of such facts in the complaint. She was a competent witness for all purposes. Pub. Sts. *c.* 85, § 16. *Murphy* v. *Spence, ubi supra.*

*Exceptions overruled.*